Universal Foreign Service Co., for Omi Co. et al. v. United
States

No. 5557.—Invoices dated Kyoto, Japan, June 24, 1940, etc.
　　　　Certified June 26, 1940, etc.
　　　　Entered at Los Angeles, Calif., July 18, 1940, etc.
　　　　Entry No. 338, etc.

(Decided January 15, 1942)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney),
for the defendant.

Dallinger, Judge: The appeals to reappraisement listed in schedule
A, hereto attached and made a part hereof, have been submitted for
decision upon the following stipulation of counsel for the parties
hereto:

It is hereby stipulated, by and between counsel for the respective parties hereto,
subject to the approval of the court:

(1) That the merchandise involved in the appeals listed in attached schedule
consists of articles or fabrics made of rayon, which in all material respects is
such or similar to the rayon in the articles the subject of decision in *US* v. *Nippon
Dry Goods Co.*, Reap. Dec. 5006, affirming Reap. Dec. 4704; that the issue herein
and conditions as to market value are the same as the issue and conditions as to
market value in the cited case, and the record in said case is hereby incorporated
herein.

(2) That the appraised values of the rayon articles or fabrics covered by these
appeals, less any additions made by the importers by reason of the so-called Japanese consumption tax, to meet advances made by the appraiser in similar cases,
represent the prices at the time of exportation of such merchandise to the United
States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual
wholesale quantities and in the ordinary course of trade, for exportation to the
United States, and that there were no higher foreign values at the time of exportation thereof.

(3) That the appeals herein are abandoned as to all merchandise, except rayon
articles or fabrics, and these cases are submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined
in section 402 (d) of the Tariff Act of 1930, to be the proper basis for
the determination of the value of the merchandise here involved, and
that as to the rayon articles or fabrics such values are the appraised
values, less any additions made by the importers by reason of the
so-called Japanese consumption tax, to meet advances made by the
appraiser in similar cases.

The appeals having been abandoned insofar as they relate to all
other merchandise, to that extent the appeals are hereby dismissed.
Judgment will be rendered accordingly.